IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | | |
|---|---|---|
| DANIEL B. STORM, HOLLY P. WHITE, DORIS MCMICHAEL, and KYLE WILKINSON, BARBARA HOLT, and LINDA REDDING individually and on behalf of all others similarly situated, | : : : : : : : : | No. 15-3690<br><br>Appeal from Case No.: 1:14-cv01138-JEJ (M.D. Pa.)<br><br>APPELLEES' WRITTEN RESPONSE TO ORDER OF NOVEMBER 6, 2015 |
| Appellantss, | : | |
| v. | : | |
| | : | |
| PAYTIME, INC., a Pennsylvania corporation, | : : | |
| Appellees. | : | |

Pursuant to this Court's Order of November 6, 2015, Paytime, Inc. respectfully submits this written response.

## I.     RELEVANT FACTS

Defendant/Appellee Paytime, Inc. (hereinafter "Paytime") is a business supplying payroll, human resource management and other commercial services. *Storm v. Paytime, Inc.*, 90 F. Supp. 3d 359, 362 (M.D. Pa. 2015)(attached hereto as Exhibit A); *Storm v. Paytime,* Compl., ¶ 6 (June 13, 2014)(attached hereto as Exhibit B).[1] This matter arises out of a data breach suffered by Paytime in April 2014. *Storm,*

---

[1] Given the posture of this case, dismissed without prejudice, the facts are derived from the Complaint in *Storm* and stated in the light most favorable to the Plaintiffs, which is also the standard employed by the Court below in its Memorandum Opinion. *Storm v. Paytime,* 90 F. Supp. 3d at 363.

90 F. Supp. 3d at 363.  Plaintiffs/Appellants (hereinafter "Plaintiffs") are current and former employees of companies who use or used Paytime to supply payroll processing services.  *Id.*

Plaintiffs filed two separate Class Action Complaints against Paytime:  *Storm v. Paytime*, *Inc.*, No. 1:14-cv-01138-JEJ (M.D. Pa. June 12, 2014) and *Holt   v. Paytime Harrisburg, Inc.*, No. 2:14-cv-03964-LDD (E.D. Pa. June 27, 2014).

The procedural history of these actions is as follows:

- *Storm* Complaint is filed in the United States District Court for the Middle District of Pennsylvania – June 13, 2014;

- *Holt* Complaint is filed in the United States District Court for the Eastern District of Pennsylvania – June 27, 2014;

- Paytime moves to dismiss the *Storm* Complaint  – August 1, 2014;

- Paytime moves to dismiss the *Holt* Complaint – August 4, 2014;

- Paytime moves to transfer *Holt* to the United States District Court of the Middle District of Pennsylvania – August 5, 2014;

- *Storm* Amended Complaint is filed – August 8, 2014;

- Paytime moves to dismiss the *Storm* Amended Complaint – August 27, 2014;

- *Holt* oppositions to Paytime's Motions to Dismiss and to Transfer are filed – September 3, 2014;

- Paytime's motion to transfer *Holt* is granted – September 26, 2014; and

- *Storm* and *Holt* are consolidated in the United States District Court for the Middle District of Pennsylvania before the Honorable John E. Jones, III – October 10, 2014.

*See* lower court dockets for *Storm v. Paytime,* and *Holt v. Paytime*, attached hereto as Exhibits "C" and "D," respectively.

Paytime's Motions to Dismiss were based in part on the argument that Plaintiffs lacked Article III standing. Paytime sought dismissal because Plaintiffs alleged only an increased risk of future harm, not injury-in-fact or harm that is actual or certainly impending. *Storm v. Paytime*, Memorandum of Law in Support of its Motion to Dismiss at 8-15. Judge Jones agreed that Plaintiffs lacked standing under the principles of the United States Supreme Court's holding in *Clapper v. Amnesty Int'l USA,* 133 S. Ct. 1138 (2013) and this Court's holding in *Reilly v. Ceridian Corp.,* 664 F.3d 38 (3d Cir. 2011). *See Storm v. Paytime*, 90 F. Supp. 3d at 366.

Accordingly, on March 13, 2015, Judge Jones issued an Order granting Paytime's Motion to Dismiss and dismissing the cases without prejudice. *Id.* at 368; *Storm v. Paytime*, Order, at 2 (Mar. 13, 2015), attached hereto as Exhibit "E." The lower court's opinion expressly stated that once a person has suffered identity theft or misuse of personal information, "a plaintiff would be free to return to court and would have standing to recover his or her losses." *Storm v. Paytime,* 90 F. Supp. 3d at 368.

Plaintiffs did not move for reconsideration or appeal Judge Jones's ruling within thirty days of its entry. *See* Exhibits "C" and "D." Rather, on May 19, 2015, more that two months after the dismissal, Plaintiffs filed a Motion for Leave to File a First Consolidated Amended Class Action Complaint, including as an exhibit a redline version of the proposed amended pleading showing the proposed amendments. A true and correct copy of the proposed First Consolidated Amended Class Action Complaint that accompanied Plaintiffs' motion to amend is attached hereto as Exhibit "F."[2]

Plaintiffs' proposed amended pleading did not contain any new allegations that were responsive to the deficiencies that led to the dismissal of the preceding pleading. *See* Exhibit "F." Rather, it added only:

•  allegations about the Plaintiffs' alleged relationship with Paytime, *id.* ¶¶ 11-16;

•  quotations and references to unrelated studies regarding general trends in data breaches nationwide, *id.* ¶¶ 36-46, 48-51; and

•  recitations of the language from this Court's decision in *Reilly. Id.* ¶¶ 5, 30, 53.

---

[2] Continuing to seek recourse from the lower court, Plaintiffs also filed a Notice of Supplemental Authority on August 28, 2015, based on the recent decision of the Seventh Circuit in *Remjas v. Neiman Marcus*, 2015 WL 4394814 (7th Cir. July 20, 2015).

In fact, Plaintiffs' proposed amended pleading essentially admitted that they had not yet suffered injury or threatened injury that is "certainly impending" as required by *Clapper* and *Reilly*. Paragraph 49 of the proposed amended complaint alleged that "the issue is when, not if, Plaintiffs and the Class *will* be damaged." Exhibit "F" ¶ 49 (emphasis supplied).

Accordingly, in an Order and Memorandum dated October 6, 2015, Judge Jones denied Plaintiffs' motion to amend because the proposed amended pleading did not meet the standing requirements set forth in *Clapper* and *Reilly* rendering amendment futile. *Storm v. Paytime*, Order and Memorandum, at 2, 6-7 (October 6, 2015), attached hereto as Exhibit "G." In its opinion, the Court recognized that "that there is indeed some possibility that some victims of this data breach will at some future point experience an injury in the form of identity theft or fraudulent payments." *Id.* at 7.

## II.    LEGAL ARGUMENT

1.    <u>The Orders from which Plaintiffs seek to appeal should not be considered final orders under 28 U.S.C. § 1291</u>.

Section 1291 of the Judicial Code provides in relevant part that "[t]the courts of appeals…shall have jurisdiction of appeals from all final decisions of the district courts of the United States…." 28 U.S.C. § 1291. The Orders from which Plaintiffs now seek to appeal should not be considered final orders and therefore, cannot be appealed.

Dismissals without prejudice can only be construed as final orders under very limited circumstances. An order dismissing a case without prejudice is not final and appealable if the order contemplates further activity by the court. *Berke v. Bloch*, 242 F.3d 131, 135 (3d Cir. 2001). Neither of the District Court's Orders indicate unwillingness to entertain further proceedings. Judge Jones's March 13, 2015 Order explicitly stated that it was granting Paytime's Motion to Dismiss *without prejudice*, and the Memorandum left Plaintiffs with the option to return to court should a class member suffer an actual injury. Order, Exhibit "E" at 2; *Storm v. Paytime*, 90 F. Supp. 3d at 367. Judge Jones's October 6, 2015 order denying Plaintiffs' Motion for Leave to Amend also specifically noted the possibility that a putative class member could in the future suffer an actual injury, but that the court was constrained to deny the Motion because the proposed amended pleading still did not allege such an injury at that time. Exhibit "G" at 2, 6-7.

For a dismissal without prejudice to be a final and appealable order, a plaintiff must elect to "stand upon the original complaint." *Frederico v. Home Depot*, 507 F.3d 188, 192 (3d Cir. 2007). This Court has held that a plaintiff stands on the original complaint if the plaintiff appeals directly from a motion to dismiss the complaint rather than seeking to amend it to address the deficiencies that resulted in the district court's grant of the motion to dismiss. *Id. See also Berke*, 242 F.3d at 135 (holding that an order dismissing an action without prejudice was only final and

appealable because the plaintiff did not seek to amend her complaint within the time prescribed by the court). Even in cases where the district court believes its ruling without prejudice ends the litigation, "such dismissals could not be appealable until the party seeking relief *renounces any intention to reinstate the litigation*" in the district court. *Berke*, 242 F.3d at 135 (emphasis added).

Plaintiffs' chosen course of action is antithetical to "renounce[ing] any intention to reinstate the litigation," which is required to render the March 13, 2015 and October 6, 2015 Orders final and appealable. Indeed, far from renouncing an intention to keep their action in the District Court alive, they have strived to continue it at every turn. When the Court granted Paytime's Motion to Dismiss the Amended Complaint, Plaintiffs allowed the appeal period to run, and over a month after it had elapsed, filed a Motion for Leave to Amend the Complaint in the District Court. Exhibit "G" at 1-2. When that motion was denied, they appealed it, evidencing an intention to pursue the underlying case that was dismissed without prejudice. Even now there is nothing to prevent the Plaintiffs from filing a separate lawsuit to pursue their claims, but instead they persist in attempting to amend the action below by appealing the denial of the motion for leave to amend. These actions establish that Plaintiffs are not standing on their dismissed pleadings.

Motions denying leave to amend pleadings are generally not considered final appealable orders. *Soliday v. Miami County*, 55 F.3d 1158 1165 (6th Cir. 1995);

*Richardson Greenshields Secur., Inc.*, 825 F.2d 647, 651 (2d Cir. 1987); *Wells v. S. Main Bank*, 523 F.2d 1005, 1006 (5th Cir. 1976); *Werner v. Zintmaster*, 77 F.2d 74, 75 (3d Cir. 1935). This Court did exercise jurisdiction over the denial of a motion for leave to amend a complaint in *Itiowe v. Trentonian*, 2015 U.S. App. LEXIS 12019 (3d Cir. July 13, 2015). However, in *Itiowe*, the lower court's ruling precluding the plaintiff from amending had the effect of a final order because it held that under no circumstances could plaintiff amend the complaint such that she would have standing to bring the action or state a legally cognizable claim. *See Itiowe v. Paton*, 2014 U.S. Dist. LEXIS 148810 (D.N.J. Oct. 20, 2014).

That Judge Jones's October 6, 2015 Order is not a final order is also illustrated by the very definition of a final order. Whether an order is final depends on its effects. *See Alcoa v. Beaser East, Inc.*, 124 F.3d 551, 558 (3d Cir. 1997). First, the court of appeals' decision must "fully resolve all claims presented to the district court; and second, after the decision has been issued, there will be nothing further for the district court to do but execute judgment. *Id.* (*citing Catlin v. U.S.*, 324 U.S. 229, 233 (1945)). In other words, "[a] final decision is one that disposes of the whole subject, gives all the relief that was contemplated, provides with reasonable completeness, for giving effect to the judgment and leaves nothing to be done in the cause save to superintend, ministerially, the execution of the decree." *Alcoa*, 124 F.3d at 557 (*quoting Isidor Palewonsky Assoc., Inc. v. Sharp Prop., Inc.*, 998 F.2d 145, 150 (3d

Cir. 1993)). There is no final order if the claim remains unresolved and its resolution is to occur in the district court. *Alcoa*, 124 F.3d at 557.

Therefore, the March 13, 2015 and October 6, 2015 Orders are not final and appealable under the requirements of 28 U.S.C. § 1291. Where a court does not have jurisdiction over an action because no final order has been issued, an appeal should be quashed. *TMA Fund v. Biever*, 520 F.2d 639 (3d Cir. 1975). This Court may not exercise jurisdiction to hear Plaintiffs' appeal and it should be quashed.

2.    Plaintiffs' appeal is untimely.

Even assuming, *arguendo*, that the March 13, 2015 and October 6, 2015 Orders were appealable, Plaintiffs' appeal of these Orders is untimely. Federal Rule of Appellate Procedure 4(a) states that a notice of appeal must be filed with the district clerk "within 30 days after the entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). This thirty-day requirement is mandatory and jurisdictional. *Marcangelo v. Boardwalk Regency*, 47 F.3d 88, 91 (3d Cir. 1995). Where an appeal is untimely, a court of appeals does not have jurisdiction. *Id.*

Plaintiffs did not appeal the March 13, 2015 Order granting Paytime's Motion to Dismiss, instead moving for leave to file an amended complaint over two months later on May 19, 2015. Only after their Motion for Leave to Amend was denied, do they now contend that the March 13, 2015 Order is final and appealable.

Plaintiffs cannot have it both ways. The March 13, 2015 Order was either appealable as a final order or it was not, and moving to amend in May 2015 did not make it final. They could have attempted to invoke *Frederico* and "stood" on the complaint dismissed below by appealing the dismissal within thirty days. Such a decision would have made the March 13 Order final and appealable. If it were appealable, Plaintiffs should have filed a Notice of Appeal within thirty days of Judge Jones's decision in accordance with the mandate of Federal Rule of Appellate Procedure 4(a). They did not. Rather, they chose to move to amend their complaint in the District Court. Plaintiffs cannot now, over six months later, argue that the very ruling from which they did not appeal is a final order under 28 U.S.C. § 1291 that would vest this Court with jurisdiction.

3.    <u>Plaintiffs should not be permitted to manufacture jurisdiction</u>

Nor should Plaintiffs' Notice of Appeal of the October 6, 2015 Order denying their Motion for Leave to file an amended pleading be considered a timely and proper appeal. Paytime recognizes that this Court has, on occasion, exercised jurisdiction over the denial of a motion for leave to amend a complaint under 28 U.S.C. § 1291. *See Newark Branch, NAACP v. Harrison*, 907 F.2d 1408 (3d Cir. 1990). However, in *Newark Branch*, the issue before the Court was whether the district court erred in refusing to consider Plaintiffs' motion for leave to amend its complaint because the court had previously dismissed the action. *Id.* at 1416. Here,

the district court did consider Plaintiffs' motion to amend and issued a ruling on its

merits.

More importantly, unlike the motion denied in *Newark Branch*, Paytime

submits that Plaintiffs filed their Motion for Leave to Amend in an attempt to

manufacture jurisdiction and cure their failure to appeal the March 13, 2015 Order.

Judge Jones's March 13, 2015 opinion stated that Plaintiffs lacked standing because

their Amended Complaint did not contain any allegations of identity theft, attempted

identity theft or misuse of personal information. *Storm v. Paytime,* 90 F. Supp. 3d at

368. Plaintiffs' proposed amended complaint does not supply any of the missing

allegations. Plaintiffs could not, in good faith, have believed that their Motion for

Leave to Amend would be granted. Indeed, in his October 6, 2015 Order and

Memorandum denying Plaintiffs' Motion for Leave to Amend, Judge Jones stated:

> "Given Plaintiffs' acknowledgment that there is no injury, and that the
> question remains whether and when any injuries might even occur, the
> Court questions why [the proposed amended pleading] in its current
> iteration was even submitted for leave to file."

Exhibit "G" at 5.

Paytime submits that Plaintiffs filed this unmeritorious Motion for Leave to

Amend solely to reverse the election that they made in April 2015 *not to stand on*

*their complaint*, which would have rendered the March 13, 2015 Order a final and

appealable order. As Plaintiffs surely know, an appeal of the October 6, 2015 Order

denying Plaintiffs' Motion for Leave to file the proposed amended pleading that has

no new allegations of injury would be the equivalent of an appeal on the merits of the District Court's Order dismissing their Amended Complaint. They should not be permitted to manipulate the procedural rules and substantive law of this Court to create jurisdiction. *See generally Camesi v. Univ. of Pittsburgh Med. Ctr.*, 729 F.3d 239, 246 n.1 (3d Cir. 2013)(*citing with approval Huey v. Telodyne, Inc.*, 608 F.2d 1234, 1236 (9th Cir. 1979) for the proposition that a plaintiff cannot cause a dismissal in order to appeal)); *Am. States Ins. Co. v. Dastar Corp.*, 318 F.3d 881, 885 (9th Cir. 2003)(stating that a party may not "engage in manipulation" to create appellate jurisdiction); *Huey*, 608 F.2d at 1236 (*citing with approval Hueghley v. Eaton Corp.*, 572 F.2d 556 (6th Cir. 1978) for the proposition that counsel cannot provoke the court into ruling against them to create appellate jurisdiction)).

## IV.   CONCLUSION

Neither the March 13, 2015 Order nor the October 6, 2015 Order ought to be deemed final. The District Court specifically left open the possibility of further proceedings in the event that Plaintiffs become able to allege actual injuries sufficient to confer standing. Moreover, Plaintiffs have consistently maintained a course of action that would keep this action alive in the District Court. Finally, the October 6 Order was not the product of a good faith attempt to amend the pleadings but rather an effort to cure the Plaintiffs' failure to take a timely appeal of the March 13, 2015 Order.

For these reasons, this Honorable Court lacks jurisdiction to hear Plaintiffs'
appeal, and therefore, Plaintiffs' appeal should be quashed.

**Respectfully Submitted,**

**LEWIS BRISBOIS BISGAARD &
SMITH, LLP**

**BY:**   /s/Claudia D. McCarron
CLAUDIA D. McCARRON
550 E. Swedesford Road, Suite 270
Wayne, PA  19087
Phone: (215) 977-4100
Fax: (215) 977-4101
claudia.mccarron@lewisbrisbois.com
*Attorney for Defendant, Paytime, Inc.*

Dated: November 20, 2015

## CERTIFICATE OF BAR MEMBERSHIP

I, CLAUDIA D. McCARRON, Attorney for Appellant, hereby certify that I am a member in good standing of the bar of the United State Court of Appeals for the Third Judicial Circuit.


Date: November 20, 2015                           /s/Claudia D. McCarron_____

                                                 Claudia D. McCarron, Esquire

                                                 **PA Bar No.: 33604**

## <u>CERTIFICATE OF SERVICE</u>

I, Claudia D. McCarron, Esquire, certify that a true and correct copy of the

foregoing Response to the Issues Raised in the Order of this Honorable Court dated

November 6, 2015 was filed with the Clerk of Court using the CM/ECF system, which

will serve all counsel of record via a notification of electronic filing.

Gary F. Lynch
Edwin J. Kilpela, Jr.
Jamisen A. Etzel
Carlson Lynch Sweet & Kilpela, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222

Michael L. Kraemer
David M. Manes
Elizabeth Pollock-Avery
Kraemer, Manes & AssociatesLLC
600 Grant Street, Suite 660
Pittsburgh, PA 15219

Joel Meredith
Meredith & Narine
100 Broad St., Suite 905
Philadelphia, PA 19110

Steven Greenfogel
Lite DePalma Greenberg, LLC
1521 Locust Street – 7th Floor
Philadelphia PA 19102

Katrina Carroll
Kyle A. Shamberg
Lite DePalma Greenberg, LLC
Chicago Office
211 West Wacker Drive, Suite 500
Chicago, IL 60606

Karen H. Riebel
Eric N. Linsk
Lockridge Grindal Nauen PLLP
100 Washington Avenue South,
Suite 2200
Minneapolis, MN 55401

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**

**BY:**  /s/Claudia D. McCarron
CLAUDIA D. McCARRON
550 E. Swedesford Road, Suite 270
Wayne, PA  19087
Phone: (215) 977-4100
Fax: (215) 977-4101
claudia.mccarron@lewisbrisbois.com

Dated: <u>November 20, 2015</u>              *Attorney for Defendant, Paytime, Inc.*

4833-5462-2507.1

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | | |
|---|---|---|
| DANIEL B. STORM, HOLLY P. WHITE, DORIS MCMICHAEL, and KYLE WILKINSON, BARBARA HOLT, and LINDA REDDING individually and on behalf of all others similarly situated, | : : : : : : : : : : | No. 15-3690<br><br>Appeal from Case No.: 1:14-cv01138-JEJ (M.D. Pa.)<br><br>APPELLEES' WRITTEN RESPONSE TO ORDER OF NOVEMBER 6, 2015 |
| Appellantss, | : | |
| v. | : : | |
| PAYTIME, INC., a Pennsylvania corporation, | : : | |
| Appellees. | : | |

Pursuant to this Court's Order of November 6, 2015, Paytime, Inc. respectfully submits this written response.

## I.    RELEVANT FACTS

Defendant/Appellee Paytime, Inc. (hereinafter "Paytime") is a business supplying payroll, human resource management and other commercial services. *Storm v. Paytime, Inc.*, 90 F. Supp. 3d 359, 362 (M.D. Pa. 2015)(attached hereto as Exhibit A); *Storm v. Paytime,* Compl., ¶ 6 (June 13, 2014)(attached hereto as Exhibit B).[1] This matter arises out of a data breach suffered by Paytime in April 2014. *Storm,*

---

[1] Given the posture of this case, dismissed without prejudice, the facts are derived from the Complaint in *Storm* and stated in the light most favorable to the Plaintiffs, which is also the standard employed by the Court below in its Memorandum Opinion. *Storm v. Paytime,* 90 F. Supp. 3d at 363.

90 F. Supp. 3d at 363. Plaintiffs/Appellants (hereinafter "Plaintiffs") are current and former employees of companies who use or used Paytime to supply payroll processing services. *Id.*

Plaintiffs filed two separate Class Action Complaints against Paytime: *Storm v. Paytime*, *Inc.*, No. 1:14-cv-01138-JEJ (M.D. Pa. June 12, 2014) and *Holt v. Paytime Harrisburg, Inc.*, No. 2:14-cv-03964-LDD (E.D. Pa. June 27, 2014).

The procedural history of these actions is as follows:

- *Storm* Complaint is filed in the United States District Court for the Middle District of Pennsylvania – June 13, 2014;

- *Holt* Complaint is filed in the United States District Court for the Eastern District of Pennsylvania – June 27, 2014;

- Paytime moves to dismiss the *Storm* Complaint – August 1, 2014;

- Paytime moves to dismiss the *Holt* Complaint – August 4, 2014;

- Paytime moves to transfer *Holt* to the United States District Court of the Middle District of Pennsylvania – August 5, 2014;

- *Storm* Amended Complaint is filed – August 8, 2014;

- Paytime moves to dismiss the *Storm* Amended Complaint – August 27, 2014;

- *Holt* oppositions to Paytime's Motions to Dismiss and to Transfer are filed – September 3, 2014;

2

- Paytime's motion to transfer *Holt* is granted – September 26, 2014; and

- *Storm* and *Holt* are consolidated in the United States District Court for the Middle District of Pennsylvania before the Honorable John E. Jones, III – October 10, 2014.

*See* lower court dockets for *Storm v. Paytime,* and *Holt v. Paytime*, attached hereto as Exhibits "C" and "D," respectively.

Paytime's Motions to Dismiss were based in part on the argument that Plaintiffs lacked Article III standing. Paytime sought dismissal because Plaintiffs alleged only an increased risk of future harm, not injury-in-fact or harm that is actual or certainly impending. *Storm v. Paytime*, Memorandum of Law in Support of its Motion to Dismiss at 8-15. Judge Jones agreed that Plaintiffs lacked standing under the principles of the United States Supreme Court's holding in *Clapper v. Amnesty Int'l USA,* 133 S. Ct. 1138 (2013) and this Court's holding in *Reilly v. Ceridian Corp.,* 664 F.3d 38 (3d Cir. 2011). *See Storm v. Paytime*, 90 F. Supp. 3d at 366.

Accordingly, on March 13, 2015, Judge Jones issued an Order granting Paytime's Motion to Dismiss and dismissing the cases without prejudice. *Id.* at 368; *Storm v. Paytime*, Order, at 2 (Mar. 13, 2015), attached hereto as Exhibit "E." The lower court's opinion expressly stated that once a person has suffered identity theft or misuse of personal information, "a plaintiff would be free to return to court and would have standing to recover his or her losses." *Storm v. Paytime,* 90 F. Supp. 3d at 368.

Plaintiffs did not move for reconsideration or appeal Judge Jones's ruling within thirty days of its entry. *See* Exhibits "C" and "D." Rather, on May 19, 2015, more that two months after the dismissal, Plaintiffs filed a Motion for Leave to File a First Consolidated Amended Class Action Complaint, including as an exhibit a redline version of the proposed amended pleading showing the proposed amendments. A true and correct copy of the proposed First Consolidated Amended Class Action Complaint that accompanied Plaintiffs' motion to amend is attached hereto as Exhibit "F."[2]

Plaintiffs' proposed amended pleading did not contain any new allegations that were responsive to the deficiencies that led to the dismissal of the preceding pleading. *See* Exhibit "F." Rather, it added only:

• allegations about the Plaintiffs' alleged relationship with Paytime, *id.* ¶¶ 11-16;

• quotations and references to unrelated studies regarding general trends in data breaches nationwide, *id.* ¶¶ 36-46, 48-51; and

• recitations of the language from this Court's decision in *Reilly. Id.* ¶¶ 5, 30, 53.

---

[2] Continuing to seek recourse from the lower court, Plaintiffs also filed a Notice of Supplemental Authority on August 28, 2015, based on the recent decision of the Seventh Circuit in *Remjas v. Neiman Marcus*, 2015 WL 4394814 (7th Cir. July 20, 2015).

4

In fact, Plaintiffs' proposed amended pleading essentially admitted that they had not yet suffered injury or threatened injury that is "certainly impending" as required by *Clapper* and *Reilly*. Paragraph 49 of the proposed amended complaint alleged that "the issue is when, not if, Plaintiffs and the Class *will* be damaged." Exhibit "F" ¶ 49 (emphasis supplied).

Accordingly, in an Order and Memorandum dated October 6, 2015, Judge Jones denied Plaintiffs' motion to amend because the proposed amended pleading did not meet the standing requirements set forth in *Clapper* and *Reilly* rendering amendment futile. *Storm v. Paytime*, Order and Memorandum, at 2, 6-7 (October 6, 2015), attached hereto as Exhibit "G." In its opinion, the Court recognized that "that there is indeed some possibility that some victims of this data breach will at some future point experience an injury in the form of identity theft or fraudulent payments." *Id.* at 7.

## II.    LEGAL ARGUMENT

   1.    <u>The Orders from which Plaintiffs seek to appeal should not be considered final orders under 28 U.S.C. § 1291</u>.

Section 1291 of the Judicial Code provides in relevant part that "[t]the courts of appeals…shall have jurisdiction of appeals from all final decisions of the district courts of the United States…." 28 U.S.C. § 1291. The Orders from which Plaintiffs now seek to appeal should not be considered final orders and therefore, cannot be appealed.

Dismissals without prejudice can only be construed as final orders under very limited circumstances. An order dismissing a case without prejudice is not final and appealable if the order contemplates further activity by the court. *Berke v. Bloch*, 242 F.3d 131, 135 (3d Cir. 2001). Neither of the District Court's Orders indicate unwillingness to entertain further proceedings. Judge Jones's March 13, 2015 Order explicitly stated that it was granting Paytime's Motion to Dismiss *without prejudice*, and the Memorandum left Plaintiffs with the option to return to court should a class member suffer an actual injury. Order, Exhibit "E" at 2; *Storm v. Paytime*, 90 F. Supp. 3d at 367. Judge Jones's October 6, 2015 order denying Plaintiffs' Motion for Leave to Amend also specifically noted the possibility that a putative class member could in the future suffer an actual injury, but that the court was constrained to deny the Motion because the proposed amended pleading still did not allege such an injury at that time. Exhibit "G" at 2, 6-7.

For a dismissal without prejudice to be a final and appealable order, a plaintiff must elect to "stand upon the original complaint." *Frederico v. Home Depot*, 507 F.3d 188, 192 (3d Cir. 2007). This Court has held that a plaintiff stands on the original complaint if the plaintiff appeals directly from a motion to dismiss the complaint rather than seeking to amend it to address the deficiencies that resulted in the district court's grant of the motion to dismiss. *Id. See also Berke*, 242 F.3d at 135 (holding that an order dismissing an action without prejudice was only final and

appealable because the plaintiff did not seek to amend her complaint within the time prescribed by the court).  Even in cases where the district court believes its ruling without prejudice ends the litigation, "such dismissals could not be appealable until the party seeking relief *renounces any intention to reinstate the litigation*" in the district court.  *Berke*, 242 F.3d at 135 (emphasis added).

Plaintiffs' chosen course of action is antithetical to "renounce[ing] any intention to reinstate the litigation," which is required to render the March 13, 2015 and October 6, 2015 Orders final and appealable.  Indeed, far from renouncing an intention to keep their action in the District Court alive, they have strived to continue it at every turn. When the Court granted Paytime's Motion to Dismiss the Amended Complaint, Plaintiffs allowed the appeal period to run, and over a month after it had elapsed, filed a Motion for Leave to Amend the Complaint in the District Court. Exhibit "G" at 1-2. When that motion was denied, they appealed it, evidencing an intention to pursue the underlying case that was dismissed without prejudice.  Even now there is nothing to prevent the Plaintiffs from filing a separate lawsuit to pursue their claims, but instead they persist in attempting to amend the action below by appealing the denial of the motion for leave to amend.  These actions establish that Plaintiffs are not standing on their dismissed pleadings.

Motions denying leave to amend pleadings are generally not considered final appealable orders.  *Soliday v. Miami County*, 55 F.3d 1158 1165 (6th Cir. 1995);

7

*Richardson Greenshields Secur., Inc.*, 825 F.2d 647, 651 (2d Cir. 1987); *Wells v. S. Main Bank*, 523 F.2d 1005, 1006 (5th Cir. 1976); *Werner v. Zintmaster*, 77 F.2d 74, 75 (3d Cir. 1935). This Court did exercise jurisdiction over the denial of a motion for leave to amend a complaint in *Itiowe v. Trentonian*, 2015 U.S. App. LEXIS 12019 (3d Cir. July 13, 2015). However, in *Itiowe*, the lower court's ruling precluding the plaintiff from amending had the effect of a final order because it held that under no circumstances could plaintiff amend the complaint such that she would have standing to bring the action or state a legally cognizable claim. *See Itiowe v. Paton*, 2014 U.S. Dist. LEXIS 148810 (D.N.J. Oct. 20, 2014).

That Judge Jones's October 6, 2015 Order is not a final order is also illustrated by the very definition of a final order. Whether an order is final depends on its effects. *See Alcoa v. Beaser East, Inc.*, 124 F.3d 551, 558 (3d Cir. 1997). First, the court of appeals' decision must "fully resolve all claims presented to the district court; and second, after the decision has been issued, there will be nothing further for the district court to do but execute judgment. *Id.* (*citing Catlin v. U.S.*, 324 U.S. 229, 233 (1945)). In other words, "[a] final decision is one that disposes of the whole subject, gives all the relief that was contemplated, provides with reasonable completeness, for giving effect to the judgment and leaves nothing to be done in the cause save to superintend, ministerially, the execution of the decree." *Alcoa*, 124 F.3d at 557 (*quoting Isidor Palewonsky Assoc., Inc. v. Sharp Prop., Inc.*, 998 F.2d 145, 150 (3d

Cir. 1993)).  There is no final order if the claim remains unresolved and its resolution is to occur in the district court.  *Alcoa*, 124 F.3d at 557.

Therefore, the March 13, 2015 and October 6, 2015 Orders are not final and appealable under the requirements of 28 U.S.C. § 1291.  Where a court does not have jurisdiction over an action because no final order has been issued, an appeal should be quashed.  *TMA Fund v. Biever*, 520 F.2d 639 (3d Cir. 1975).  This Court may not exercise jurisdiction to hear Plaintiffs' appeal and it should be quashed.

### 2.    Plaintiffs' appeal is untimely.

Even assuming, *arguendo*, that the March 13, 2015 and October 6, 2015 Orders were appealable, Plaintiffs' appeal of these Orders is untimely.  Federal Rule of Appellate Procedure 4(a) states that a notice of appeal must be filed with the district clerk "within 30 days after the entry of the judgment or order appealed from."  Fed. R. App. P. 4(a)(1)(A).  This thirty-day requirement is mandatory and jurisdictional.  *Marcangelo v. Boardwalk Regency*, 47 F.3d 88, 91 (3d Cir. 1995).  Where an appeal is untimely, a court of appeals does not have jurisdiction.  *Id.*

Plaintiffs did not appeal the March 13, 2015 Order granting Paytime's Motion to Dismiss, instead moving for leave to file an amended complaint over two months later on May 19, 2015.  Only after their Motion for Leave to Amend was denied, do they now contend that the March 13, 2015 Order is final and appealable.

Plaintiffs cannot have it both ways. The March 13, 2015 Order was either appealable as a final order or it was not, and moving to amend in May 2015 did not make it final. They could have attempted to invoke *Frederico* and "stood" on the complaint dismissed below by appealing the dismissal within thirty days. Such a decision would have made the March 13 Order final and appealable. If it were appealable, Plaintiffs should have filed a Notice of Appeal within thirty days of Judge Jones's decision in accordance with the mandate of Federal Rule of Appellate Procedure 4(a). They did not. Rather, they chose to move to amend their complaint in the District Court. Plaintiffs cannot now, over six months later, argue that the very ruling from which they did not appeal is a final order under 28 U.S.C. § 1291 that would vest this Court with jurisdiction.

3.     <u>Plaintiffs should not be permitted to manufacture jurisdiction</u>

Nor should Plaintiffs' Notice of Appeal of the October 6, 2015 Order denying their Motion for Leave to file an amended pleading be considered a timely and proper appeal. Paytime recognizes that this Court has, on occasion, exercised jurisdiction over the denial of a motion for leave to amend a complaint under 28 U.S.C. § 1291. *See Newark Branch, NAACP v. Harrison*, 907 F.2d 1408 (3d Cir. 1990). However, in *Newark Branch*, the issue before the Court was whether the district court erred in refusing to consider Plaintiffs' motion for leave to amend its complaint because the court had previously dismissed the action. *Id.* at 1416. Here,

the district court did consider Plaintiffs' motion to amend and issued a ruling on its

merits.

More importantly, unlike the motion denied in *Newark Branch*, Paytime

submits that Plaintiffs filed their Motion for Leave to Amend in an attempt to

manufacture jurisdiction and cure their failure to appeal the March 13, 2015 Order.

Judge Jones's March 13, 2015 opinion stated that Plaintiffs lacked standing because

their Amended Complaint did not contain any allegations of identity theft, attempted

identity theft or misuse of personal information. *Storm v. Paytime,* 90 F. Supp. 3d at

368. Plaintiffs' proposed amended complaint does not supply any of the missing

allegations. Plaintiffs could not, in good faith, have believed that their Motion for

Leave to Amend would be granted. Indeed, in his October 6, 2015 Order and

Memorandum denying Plaintiffs' Motion for Leave to Amend, Judge Jones stated:

> "Given Plaintiffs' acknowledgment that there is no injury, and that the
> question remains whether and when any injuries might even occur, the
> Court questions why [the proposed amended pleading] in its current
> iteration was even submitted for leave to file."

Exhibit "G" at 5.

Paytime submits that Plaintiffs filed this unmeritorious Motion for Leave to

Amend solely to reverse the election that they made in April 2015 *not to stand on*

*their complaint*, which would have rendered the March 13, 2015 Order a final and

appealable order. As Plaintiffs surely know, an appeal of the October 6, 2015 Order

denying Plaintiffs' Motion for Leave to file the proposed amended pleading that has

no new allegations of injury would be the equivalent of an appeal on the merits of the District Court's Order dismissing their Amended Complaint. They should not be permitted to manipulate the procedural rules and substantive law of this Court to create jurisdiction. *See generally Camesi v. Univ. of Pittsburgh Med. Ctr.*, 729 F.3d 239, 246 n.1 (3d Cir. 2013)(*citing with approval Huey v. Telodyne, Inc.*, 608 F.2d 1234, 1236 (9th Cir. 1979) for the proposition that a plaintiff cannot cause a dismissal in order to appeal)); *Am. States Ins. Co. v. Dastar Corp.*, 318 F.3d 881, 885 (9th Cir. 2003)(stating that a party may not "engage in manipulation" to create appellate jurisdiction); *Huey*, 608 F.2d at 1236 (*citing with approval Hueghley v. Eaton Corp.*, 572 F.2d 556 (6th Cir. 1978) for the proposition that counsel cannot provoke the court into ruling against them to create appellate jurisdiction)).

## IV.    CONCLUSION

Neither the March 13, 2015 Order nor the October 6, 2015 Order ought to be deemed final. The District Court specifically left open the possibility of further proceedings in the event that Plaintiffs become able to allege actual injuries sufficient to confer standing. Moreover, Plaintiffs have consistently maintained a course of action that would keep this action alive in the District Court. Finally, the October 6 Order was not the product of a good faith attempt to amend the pleadings but rather an effort to cure the Plaintiffs' failure to take a timely appeal of the March 13, 2015 Order.

For these reasons, this Honorable Court lacks jurisdiction to hear Plaintiffs'

appeal, and therefore, Plaintiffs' appeal should be quashed.

**Respectfully Submitted,**

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**


**BY:**  /s/Claudia D. McCarron
                CLAUDIA D. McCARRON
                550 E. Swedesford Road, Suite 270
                Wayne, PA  19087
                Phone: (215) 977-4100
                Fax: (215) 977-4101
                claudia.mccarron@lewisbrisbois.com
                *Attorney for Defendant, Paytime, Inc.*

Dated: November 20, 2015

## CERTIFICATE OF BAR MEMBERSHIP

I, CLAUDIA D. McCARRON, Attorney for Appellant, hereby certify that I am a member in good standing of the bar of the United State Court of Appeals for the Third Judicial Circuit.


Date: November 20, 2015                    /s/Claudia D. McCarron_____

                                           Claudia D. McCarron, Esquire

                                           **PA Bar No.: 33604**

## <u>CERTIFICATE OF SERVICE</u>

I, Claudia D. McCarron, Esquire, certify that a true and correct copy of the foregoing Response to the Issues Raised in the Order of this Honorable Court dated November 6, 2015 was filed with the Clerk of Court using the CM/ECF system, which will serve all counsel of record via a notification of electronic filing.

Gary F. Lynch
Edwin J. Kilpela, Jr.
Jamisen A. Etzel
Carlson Lynch Sweet & Kilpela, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222

Michael L. Kraemer
David M. Manes
Elizabeth Pollock-Avery
Kraemer, Manes & AssociatesLLC
600 Grant Street, Suite 660
Pittsburgh, PA 15219

Joel Meredith
Meredith & Narine
100 Broad St., Suite 905
Philadelphia, PA 19110

Steven Greenfogel
Lite DePalma Greenberg, LLC
1521 Locust Street – 7th Floor
Philadelphia PA 19102

Katrina Carroll
Kyle A. Shamberg
Lite DePalma Greenberg, LLC
Chicago Office
211 West Wacker Drive, Suite 500
Chicago, IL 60606

Karen H. Riebel
Eric N. Linsk
Lockridge Grindal Nauen PLLP
100 Washington Avenue South,
Suite 2200
Minneapolis, MN 55401

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**

**BY:**  /s/Claudia D. McCarron
　　　　CLAUDIA D. McCARRON
　　　　550 E. Swedesford Road, Suite 270
　　　　Wayne, PA  19087
　　　　Phone: (215) 977-4100
　　　　Fax: (215) 977-4101
　　　　claudia.mccarron@lewisbrisbois.com

Dated: <u>November 20, 2015</u>　　　*Attorney for Defendant, Paytime, Inc.*

4833-5462-2507.1